## STEWART *v.* THE STATE.

No. 10306. FEBRUARY 13, 1935.

276

*D. C. Jones,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. G. Neville, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

ATKINSON, Justice. 1. Where on the trial of a person charged with murder the evidence or the prisoner's statement is sufficient to show mutual combat between the deceased and the accused at the time of the homicide, the judge may properly give in charge to the jury the provisions of the Penal Code (1910), § 73 (Code of 1933, § 26-1014). Mutual combat sufficiently appears in the instant case to require a charge upon the law of voluntary manslaughter as related to the theory of mutual combat. From the evidence as a whole the jury could have determined that Dèkle

stood in the road and refused to allow the defendant and his companions on their way home to pass, and applied epithets to them and threatened to kill them, having a pistol with which he could have carried his threat into execution; that in the circumstances the defendant and his party returned to the home of Jim Jones, where the defendant procured a pistol, and with his party started on their return home by the same way, expecting again to encounter Dekle on the road; that Dekle was at the place where they had left him, and upon their arrival he repeated his previous hostile conduct towards them, which produced a fight between Dekle and the defendant, in which both used their weapons and Dekle was killed without malice or deliberation. In this view of the evidence, in which the jury were not restricted to evidence offered by one side or the other, but could look to all of the evidence to ascertain the truth, the judge erred in failing to charge the law of voluntary manslaughter as related to the theory of mutual combat. *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Bull* v. *State,* 150 *Ga.* 302 (2) (103 S. E. 466); *Ison* v. *State,* 154 *Ga.* 408 (114 S. E. 351); *Wall* v. *State,* 126 *Ga.* 549 (55 S. E. 484); *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315).

2. As a reversal will result from the foregoing ruling, it becomes unnecessary to deal with the special grounds of the motion for a new trial having reference to alleged newly discovered evidence.

*Judgment reversed. All the Justices concur, except Gilbert and Bell, JJ., who dissent.*

Gilbert, J., dissenting. Assuming but not deciding that the law of mutual combat was involved, and that a charge on that subject would not have been erroneous, nevertheless, in my opinion, the judgment refusing a new trial should not be reversed because of the omission to charge the law of mutual combat. The court charged the law as to justifiable homicide, as provided in the Penal Code of 1910, § 70 (Code of 1933, § 26-1011). In that section it is provided that one may kill another to save his own life or "*to prevent an assault or an attempt to commit a serious personal injury amounting to a felony upon him.*" (Italics mine.) Exactly the same principle was decided in *Dill* v. *State,* 106 *Ga.* 683 (4) (32 S. E. 660). In that case the court charged both principles of Penal Code sections 70 and 73, the latter section having reference

to mutual combat. One ground of the motion for a new trial complained that the court erred in refusing to grant a new trial because of the charge just indicated. In the charge there were some of the principles of mutual combat and some of justifiable homicide, included in the latter being that a person may kill another to "prevent a felony from being committed on his person." The court in an unanimous opinion held that "mutual combat" was involved, but that the charge which instructed the jury that the killing would be justifiable if it was done to prevent a felony being committed on the person of the accused was not erroneous against the accused, but was favorable, and therefore refused to reverse the judgment refusing a new trial. The court stated: "Our Penal Code, § 70 [26-1011], declares that it is justifiable homicide where one kills another who manifestly intends or endeavors by violence or surprise to commit a felony on the person of the slayer. It is not essential, in order for such killing to be justifiable, that it was absolutely necessary to prevent the commission of the felony. It is sufficient, in order to make this defense available, if it appear that the circumstances were sufficient to excite the fears of a reasonable man that a felony was about to be committed, and that the party killing acted under the influence of those fears. Penal Code, § 71 [26-1012]. Nor is it true, as a matter of law, that in cases of mutual combat it is justifiable homicide for one, who voluntarily enters into a fight with another, to kill his antagonist to prevent any other felony than the taking of the life of the slayer. But to be justified for a homicide following a mutual combat, it must appear that the danger to the slayer was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary. The principles of law which justify a killing in each of these two instances stand upon an entirely different footing. In the one case, that following mutual combat, the slayer, having been at fault in that he voluntarily entered the fight which brought on the necessity, can only take the life of his antagonist when it is absolutely necessary to save his own life, and only then when the person killed was the assailant, or when the slayer has in good faith endeavored to decline any further struggle before he strikes the mortal blow. A homicide to prevent the commission of a felony on the person of the slayer is a pure defense unmixed with fault, so that it be done

under circumstances sufficient to excite the fears of a reasonable man that the deceased was intending or endeavoring by violence or surprise to commit a felony of any grade on his person, habitation, or property. It does not, however, follow that, because it was erroneous, the charge complained of should work a new trial for the plaintiff in error. Certainly, if it were more favorable to him than a correct interpretation of the law would be, he can not complain of its error. It was very proper for the court to charge the jury the principles of law under which the accused would have been justifiable. The evidence tended to show that the accused and the deceased were engaged in a mutual combat at the time the mortal wound was inflicted. The rule of law, as we have before stated, is that before he would be justified the danger to him must have been so urgent and pressing at the time he killed the deceased, that, in order to save his own life, the killing was absolutely necessary. This is the principle which the accused was entitled to have given in charge to the jury. What did he get? The jury was told that the danger must have been so urgent and pressing at the time of the killing, that, in order to save his own life or prevent a felony from being committed on his person, the killing of the other was absolutely necessary, etc. A felony is any offense punished by law with death or confinement in the penitentiary. Therefore, under this charge of the court, if the accused, notwithstanding he had voluntarily engaged in the combat, killed the deceased to prevent any injury to his person which would only amount to a felony and less than the taking of his life, he would be justified. While the charge given was error, it qualified the rule of law in favor of the accused, and he neither can nor ought to be heard to complain. It is declared by section 1060 of the Penal Code [Code of 1933, § 70-207], that a new trial may be granted in all cases when the presiding judge may deliver an erroneous charge to the jury *against* the applicant for new trial, on a material point."